**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **Cedar Lane Technologies Inc.,** | Case No. 6:20-cv-01189 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **ACTi Corporation,** | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Cedar Lane Technologies Inc. ("Plaintiff"), through its attorneys, complains of

ACTi Corporation ("Defendant"), and alleges the following:

**PARTIES**

1.      Plaintiff Cedar Lane Technologies Inc. is a corporation organized and existing

under the laws of Canada that maintains its principal place of business at 560 Baker Street, Suite

1, Nelson, BC V1L 4H9.

2.      Defendant ACTi Corporation is a corporation organized and existing under the

laws of Taiwan that maintains an established place of business at 3 Jenner #160, Irvine, CA

92618.

**JURISDICTION**

3.      This is an action for patent infringement arising under the patent laws of the

United States, Title 35 of the United States Code.

4.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and

1338(a).

5.      This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District.

## PATENTS-IN-SUIT

7.      Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 6,473,527; 6,700,999; 6,924,832; 6,972,790; 7,890,884; 8,537,242; 8,549,097; RE44,087 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '527 PATENT

8.      The '527 Patent is entitled "Module and method for interfacing analog/digital converting means and JPEG compression means," and issued 10/29/2002. The application leading to the '527 Patent was filed on 06/01/1999. A true and correct copy of the '527 Patent is attached hereto as Exhibit 1  and incorporated herein by reference.

9.      The '527 Patent is valid and enforceable.

## THE '999 PATENT

10.      The '999 Patent is entitled "System, method, and apparatus for multiple face tracking," and issued 03/02/2004. The application leading to the '999 Patent was filed on

06/30/2000. A true and correct copy of the '999 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11.    The '999 Patent is valid and enforceable.

### THE '832 PATENT

12.    The '832 Patent is entitled "Method, apparatus & computer program product for tracking objects in a warped video image," and issued 08/02/2005. The application leading to the '832 Patent was filed on 09/11/2000. A true and correct copy of the '832 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

13.    The '832 Patent is valid and enforceable.

### THE '790 PATENT

14.    The '790 Patent is entitled "Host interface for imaging arrays," and issued 12/06/2005. The application leading to the '790 Patent was filed on 12/21/2000. A true and correct copy of the '790 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

15.    The '790 Patent is valid and enforceable.

### THE '884 PATENT

16.    The '884 Patent is entitled "Exclusive use display surface areas and persistently visible display of contents including advertisements," and issued 02/15/2011. The application leading to the '884 Patent was filed on 11/01/2006. A true and correct copy of the '884 Patent is attached hereto as Exhibit 5 and incorporated herein by reference.

17.    The '884 Patent is valid and enforceable.

### THE '242 PATENT

18.     The '242 Patent is entitled "Host interface for imaging arrays," and issued 09/17/2013. The application leading to the '242 Patent was filed on 10/27/2005. A true and correct copy of the '242 Patent is attached hereto as Exhibit 6  and incorporated herein by reference.

19.     The '242 Patent is valid and enforceable.

### THE '097 PATENT

20.     The '097 Patent is entitled "Web application for accessing media streams," and issued 10/01/2013. The application leading to the '097 Patent was filed on 08/30/2006. A true and correct copy of the '097 Patent is attached hereto as Exhibit 7  and incorporated herein by reference.

21.     The '097 Patent is valid and enforceable.

### THE '087 PATENT

22.     The '087 Patent is entitled "Presenting panoramic images with geometric transformation," and issued 03/19/2013. The application leading to the '087 Patent was filed on 01/27/2011. A true and correct copy of the '087 Patent is attached hereto as Exhibit 8  and incorporated herein by reference.

23.     The '087 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '527 PATENT

24.     Plaintiff incorporates the above paragraphs herein by reference.

25.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '527 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that

4

infringe at least the exemplary claims of the '527 Patent also identified in the charts incorporated into this Count below (the "Exemplary '527 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '527 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

26.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '527 Patent Claims, by having its employees internally test and use these Exemplary Products.

27.     Exhibit 9 includes charts comparing the Exemplary '527 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '527 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '527 Patent Claims.

28.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 9.

29.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

### COUNT 2: INFRINGEMENT OF THE '999 PATENT

30.     Plaintiff incorporates the above paragraphs herein by reference.

31.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '999 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that

infringe at least the exemplary claims of the '999 Patent also identified in the charts incorporated into this Count below (the "Exemplary '999 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '999 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

32.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '999 Patent Claims, by having its employees internally test and use these Exemplary Products.

33.     **Actual Knowledge of Infringement**. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

34.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '999 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '999 Patent. *See* Exhibit 10 (described below).

35.     **Induced Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '999 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '999 Patent.

36.     **Contributory Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '999 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant

Products to their customers for use in end-user products in a manner that infringes one or more claims of the '999 Patent. The Exemplary Defendant Products are especially made or adapted for infringing the '999 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '999 Patent.

37.    Exhibit 10 includes charts comparing the Exemplary '999 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '999 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '999 Patent Claims.

38.    Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 10.

39.    Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

### COUNT 3: INFRINGEMENT OF THE '832 PATENT

40.    Plaintiff incorporates the above paragraphs herein by reference.

41.    **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '832 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '832 Patent also identified in the charts incorporated into this Count below (the "Exemplary '832 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the

claims of the '832 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

42.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '832 Patent Claims, by having its employees internally test and use these Exemplary Products.

43.     Exhibit 11 includes charts comparing the Exemplary '832 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '832 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '832 Patent Claims.

44.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 11.

45.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

### COUNT 4: INFRINGEMENT OF THE '790 PATENT

46.     Plaintiff incorporates the above paragraphs herein by reference.

47.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '790 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '790 Patent also identified in the charts incorporated into this Count below (the "Exemplary '790 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the

claims of the '790 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

48.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '790 Patent Claims, by having its employees internally test and use these Exemplary Products.

49.     **Actual Knowledge of Infringement**. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

50.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '790 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '790 Patent. *See* Exhibit 12 (described below).

51.     **Induced Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '790 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '790 Patent.

52.     **Contributory Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '790 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '790 Patent. The Exemplary Defendant Products are especially made or adapted for infringing the '790 Patent and have no substantial non-infringing use. For example, in view

of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '790 Patent.

53.     Exhibit 12 includes charts comparing the Exemplary '790 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '790 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '790 Patent Claims.

54.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 12.

55.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

### COUNT 5: INFRINGEMENT OF THE '884 PATENT

56.     Plaintiff incorporates the above paragraphs herein by reference.

57.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '884 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '884 Patent also identified in the charts incorporated into this Count below (the "Exemplary '884 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '884 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

58.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '884 Patent Claims, by having its employees internally test and use these Exemplary Products.

59.     Exhibit 13 includes charts comparing the Exemplary '884 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '884 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '884 Patent Claims.

60.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 13.

61.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

### COUNT 6: INFRINGEMENT OF THE '242 PATENT

62.     Plaintiff incorporates the above paragraphs herein by reference.

63.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '242 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '242 Patent also identified in the charts incorporated into this Count below (the "Exemplary '242 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '242 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

64.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '242 Patent Claims, by having its employees internally test and use these Exemplary Products.

65.     **Actual Knowledge of Infringement**. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

66.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '242 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '242 Patent. *See* Exhibit 14 (described below).

67.     **Induced Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '242 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '242 Patent.

68.     **Contributory Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '242 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '242 Patent. The Exemplary Defendant Products are especially made or adapted for infringing the '242 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '242 Patent.

69.     Exhibit 14 includes charts comparing the Exemplary '242 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '242 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '242 Patent Claims.

70.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 14.

71.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

### COUNT 7: INFRINGEMENT OF THE '097 PATENT

72.     Plaintiff incorporates the above paragraphs herein by reference.

73.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '097 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '097 Patent also identified in the charts incorporated into this Count below (the "Exemplary '097 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '097 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

74.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '097 Patent Claims, by having its employees internally test and use these Exemplary Products.

75.     **Actual Knowledge of Infringement**. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

76.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '097 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '097 Patent. *See* Exhibit 15 (described below).

77.     **Induced Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '097 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '097 Patent.

78.     **Contributory Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '097 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '097 Patent. The Exemplary Defendant Products are especially made or adapted for infringing the '097 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '097 Patent.

79.     Exhibit 15 includes charts comparing the Exemplary '097 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '097 Patent.  Accordingly, the Exemplary

Defendant Products incorporated in these charts satisfy all elements of the Exemplary '097 Patent Claims.

80.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 15.

81.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

### COUNT 8: INFRINGEMENT OF THE '087 PATENT

82.     Plaintiff incorporates the above paragraphs herein by reference.

83.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '087 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '087 Patent also identified in the charts incorporated into this Count below (the "Exemplary '087 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '087 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

84.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '087 Patent Claims, by having its employees internally test and use these Exemplary Products.

85.     Exhibit 16 includes charts comparing the Exemplary '087 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '087 Patent.  Accordingly, the Exemplary

Defendant Products incorporated in these charts satisfy all elements of the Exemplary '087 Patent Claims.

86.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 16.

87.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

### JURY DEMAND

88.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     A judgment that the '527 Patent is valid and enforceable

B.     A judgment that the '999 Patent is valid and enforceable

C.     A judgment that the '832 Patent is valid and enforceable

D.     A judgment that the '790 Patent is valid and enforceable

E.     A judgment that the '884 Patent is valid and enforceable

F.     A judgment that the '242 Patent is valid and enforceable

G.     A judgment that the '097 Patent is valid and enforceable

H.     A judgment that the '087 Patent is valid and enforceable

I.     A judgment that Defendant has infringed directly one or more claims of the '527 Patent;

J.     A judgment that Defendant has infringed directly, contributorily, and/or induced infringement of one or more claims of the '999 Patent;

K.      A judgment that Defendant has infringed directly one or more claims of the '832 Patent;

L.      A judgment that Defendant has infringed directly, contributorily, and/or induced infringement of one or more claims of the '790 Patent;

M.      A judgment that Defendant has infringed directly one or more claims of the '884 Patent;

N.      A judgment that Defendant has infringed directly, contributorily, and/or induced infringement of one or more claims of the '242 Patent;

O.      A judgment that Defendant has infringed directly, contributorily, and/or induced infringement of one or more claims of the '097 Patent;

P.      A judgment that Defendant has infringed directly one or more claims of the '087 Patent;

Q.      An accounting of all damages not presented at trial;

R.      A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '527 Patent.

S.      A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '999 Patent.

T.      A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '832 Patent.

U.      A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '790 Patent.

V.      A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '884 Patent.

W.    A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '242 Patent.

X.    A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '097 Patent.

Y.    A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '087 Patent.

Z.    A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants continuing or future infringement, up until the date such judgment is entered with respect to the '999; '790; '242; '097 Patents, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

AA.   And, if necessary, to adequately compensate Plaintiff for Defendants infringement, an accounting:

    i.    that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

    ii.   that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii.  that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: December 29, 2020          Respectfully submitted,


                                  /s/ Isaac Rabicoff

18

Isaac Rabicoff
**Rabicoff Law LLC**
5680 King Centre Dr, Suite 645
Alexandria, VA 22315
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Cedar Lane Technologies Inc.**